IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00196-F-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL JAVON SPENCER, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's November 21, 2016 motion [DE-150]. In his motion, Defendant requests the following: (1) his sentencing transcript, (2) the docket sheet from his case, and (3) his plea agreement.

Initially, the court will address Defendant's request for the docket sheet from his case. Because Defendant has stated good cause for it, this request is allowed. The Clerk is DIRECTED to send Defendant a copy of the docket sheet from his case.

Next, the court will address Defendant's request for his plea agreement. Pursuant to Amended Standing Order No. 09-SO-02[1], the court will not send a copy of a plea agreement to an inmate. Therefore, Defendant's request is denied. Defendant, however, is advised that the public may have access to filed plea agreements and other unsealed documents in his case at the public terminal in the Clerk's office.

Finally, the court will address Defendant's request for his sentencing transcript. Title 28, United States Code, Section 753(f) addresses the circumstances under which transcripts may be provided to an indigent defendant at the government's expense. The statute, in pertinent part, provides as follows:

---

[1] The Clerk hereby is DIRECTED to send Defendant a copy of Amended Standing Order No. 09-SO-02.

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-03 (4th Cir. 1963).

In this case, Defendant's stated need for his sentencing transcript is for pursuing post-conviction relief. An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202. Consequently, Defendant's request for his sentencing transcript is denied.

In light of the foregoing, Defendant's November 21, 2016 motion [DE-150] is ALLOWED in part and DENIED in part. The motion is ALLOWED to the extent that Defendant's request for the docket sheet from his case is ALLOWED. The motion is DENIED to the extent that Defendant's request for his sentencing transcript and plea agreement are DENIED. The Clerk of Court is DIRECTED to provide Defendant with information on how he might obtain a copy of his sentencing transcript.

SO ORDERED.

This, the 2 5 day of November, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge